IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS WILLIAMS,            :

    Plaintiff,            :

vs.            :            CA 13-0634-CG-C

RAYMOND & ASSOCIATES, LLC,            :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the motion to dismiss filed by defendant Raymond & Associates, LLC (Doc. 6; *see also* Doc. 7 (brief)), plaintiff's response in opposition (Doc. 16), and the moving party's reply (Doc. 17). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the defendant's motion to dismiss.

## PROCEDURAL BACKGROUND

On December 24, 2013, Thomas Williams initiated this action against Raymond & Associates, LLC alleging that he was terminated on account of his disability, in violation of Title I of the Americans with Disabilities Act ("ADA"), and in retaliation for exercising his rights under the ADA. (*See* Doc. 1, at 3-4.)[1] The relevant facts upon which

---

[1] Although plaintiff alleges in the jurisdictional portion of his complaint that his retaliation claim is brought pursuant to the anti-retaliation provisions of Title VII of the Civil Rights Act and incorporated into the ADA (*see id.* at ¶ 1), later in the complaint he correctly references the ADA's own anti-retaliation provision, 42 U.S.C. § 12203 (*id.* at ¶ 17). Because the ADA does contain its own anti-retaliation provision, as noted by plaintiff (*compare id. with* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made
(Continued)

these claims are based in set forth in the complaint, as follows: "Plaintiff was employed by Raymond as a welder starting in August 2011. On or about December 27, 2011, he was terminated for taking prescribed medication, in violation of his rights pursuant to the Americans with Disabilities Act. In addition, prior to his termination, Plaintiff had made a complaint to his employer regarding his mistreatment based on his disability, and that other, similarly-situated employees were treated differently." (Doc. 1, ¶ 6.) And although plaintiff implies, albeit in a conclusory manner, that he was filing his complaint within 90 days of receipt of his right-to-sue letter (*see id.* at ¶ 2 ("Plaintiff has satisfied all administrative prerequisites by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission, charge number 425-2012-00334, and subsequently receiving an EEOC 'Right to Sue' letter within 90 days from the filing of this complaint.")), he did not attach to his complaint either the right-to-sue letter or the charge of discrimination (*see* Doc. 1).

When the defendant filed its motion to dismiss on February 12, 2014, it attached to its brief the aforementioned charge of discrimination and right-to-sue letter. (*See* Doc. 7, Exhibits 1 & 2.) The face of the charging document reflects that plaintiff filed it with the EEOC on February 1, 2012 and, further, reflects Williams' address to be 10747 Creek Side Drive East in Irvington, Alabama 36544. (Doc. 7, Exhibit 1.) Moreover, the face of the right-to-sue letter reflects that it was mailed to Williams, on December 31, 2012, at

---

a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.")), there was no need for the plaintiff to reference Title VII's anti-retaliation provision. Nevertheless, this is of no moment since plaintiff corrected himself by referencing the ADA anti-retaliation provision in Count Two of the complaint. *Cf. O'Donnell v. Punta Gorda HMA, LLC,* 2011 WL 3168144, *2 (M.D. Fla. Jul. 27, 2011) ("Because courts apply the same analytic framework to retaliation claims under the ADA and Title VII, the Court will construe Count III as a retaliation claim under the ADA.").

the address he supplied to the EEOC on the charging document—that is, 10747 Creek Side Drive East, Irvington, Alabama 36544—and, as well, that a copy of the letter was mailed to Williams' attorney, Steven Terry, at 50 Saint Emanuel Street, Mobile, Alabama 36602. (Doc. 7, Exhibit 2.) The right-to-sue letter specifically informed Williams and his attorney of his ADA rights, as follows: "This will be the only notice of dismissal[2] and of your right to sue that we will send you. You may file a lawsuit against the respondent[] under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**[,] or your right to sue based on this charge will be lost." (*Id*. (emphasis in original; footnote added); *see also id.* at 2, Information Related to Filing Suit Under the Laws Enforced by the EEOC ("[I]n order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of this postmark, if later." (emphasis in original).)

## LEGAL CONCLUSIONS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

---

[2] "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." (Doc. 7, Exhibit 2.)

Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). However, this Court need not accept as true legal conclusions or mere conclusory statements. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In this instance, the defendant argues that plaintiff's complaint is due to be dismissed because of his failure to file his complaint within 90 days of his receipt of the right-to-sue letter. (Doc. 7, at 3-4.) And because plaintiff's response in opposition raises a purely legal issue and nowhere challenges the authenticity of the documents Raymond & Associates, LLC attached to its brief in support of its motion to dismiss (*see* Doc. 16), the motion to dismiss need not be converted into a motion for summary judgment. *Compare Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005) ("In *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged.") *with Butler v. Cleburne County Comm'n,* 2012 WL 2357740, *8 n.11 (N.D. Ala. Jan. 17, 2012) (based upon the holdings in *Day* and *Horsley*, the district court determined that it was proper to "consider the materials submitted to the EEOC as a purported charge and the right-to-sue notice . . . without converting the [] motion[] to dismiss to one[] for summary judgment[]"), *report and recommendation adopted,* 2012 WL 2357741 (N.D. Ala. Jun. 14, 2012).

Plaintiff has filed his complaint under the ADA, which "prohibits disability discrimination in three areas: employment, public services, and public accommodations." *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (citation

omitted). Subchapter I of the ADA, the subchapter upon which plaintiff's complaint is admittedly based (*see* Doc. 1, at ¶ 15 ("Defendant terminated Plaintiff on the basis of his disability, in violation of his rights pursuant to Title I of the ADA.")), "prohibits discrimination on account of disability in employment[ and] covers the same employers and provides the same remedies contained in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b)." *Albra, supra*, citing 42 U.S.C. §§ 12111-12117. In other words, "[t]he ADA specifically incorporates the procedural provisions of Title VII . . . and[, t]herefore, an aggrieved party must file a civil action in federal court no later than **90 days** after receiving a right to sue letter." *Strickland v. Wayne Farms-Southland Hatchery*, 132 F.Supp.2d 1331, 1332 (M.D. Ala. 2001), citing 42 U.S.C §§ 2000e-5(f)(1) & 12117(a).[3]

Plaintiff's purely legal argument that his claims "are not subject to the ninety-day filing period, but instead are subject to a two-year statute of limitation[]" (Doc. 16, at ¶2, citing *Rhodes v. Southern Nazarene University*, ---Fed.Appx.---, 2014 WL 323251 (10th Cir. Jan. 30, 2014)) is simply incorrect as the claims in *Rhodes* were brought under Title III (i.e., Subchapter III) of the ADA, *see id.* at *1 & *4, which "prohibits discrimination by public accommodations and incorporates the remedies of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a)." *Albra, supra*, 490 F.3d at 829, citing 42 U.S.C. §§ 12181-

---

[3] Section 12117 specifically provides that "[t]he powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment." 42 U.S.C. § 12117(a). In turn, 42 U.S.C. § 2000e-5(f)(1) provides, in relevant measure, that "[i]f a charge filed with the Commission . . . is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ***ninety days after the giving of such notice*** a civil action may be brought against the respondent named in the charge [] by the person claiming to be aggrieved[.]" *Id.* (emphasis supplied).

12189. In other words, as there is no question but that Williams is claiming disability discrimination in the area of employment and not in the area of public accommodations (*see* Doc. 1), there is also no question but that he was required to file his complaint in this Court within 90 days of his receipt of the notice of right to sue, as opposed to two years. *See Miller v. Georgia,* 223 Fed.Appx. 842, 844 (11th Cir. Mar. 15, 2007) ("Under Title VII, a plaintiff must file [his] complaint in the district court within 90 days of [his] receipt of a right-to-sue letter from the EEOC. . . . ***The ADA provides the same statute of limitations***, as it expressly incorporates the enforcement mechanisms contained in Title VII[.]" (emphasis supplied)).

In this case, the EEOC mailed the right-to-sue letter on December 31, 2012 (Doc. 7, Exhibit 2) and Williams did not file his complaint until December 24, 2013 (Doc. 1), almost one year after the right-to-sue letter was mailed. Plaintiff has offered no evidence as to the date he received the letter—nor has counsel offered any evidence as to when he received his copy of the right-to-sue letter[4]—and, therefore, the undersigned is compelled to find that plaintiff has failed to satisfy his burden of establishing that he filed his complaint within ADA's 90-day statute of limitations.[5] *Compare Green v. Union Foundry Co.,* 281 F.3d 1229, 1233-1234 (11th Cir.) ("[I]n order for Green to maintain his Title VII claims against UFC, he has the initial burden of establishing that he filed his

---

[4] *See Strickland, supra,* 132 F.Supp.2d at 1333 ("Plaintiff was represented by able counsel, who surely was aware of ADA's 90-day requirements.").

[5] The undersigned assumes, as did the Court in *Miller, supra,* that Williams received the right-to-sue letter (and his attorney, a copy of that letter) "within the average time for mailing," 223 Fed.Appx. at 844, and, thus, his 90-day period ended in early April of 2013. This assumption is logical because in making the argument that his claims are governed by a two-year statute of limitations (Doc. 16, ¶ 2), plaintiff concedes that he did not file his complaint within 90 days of his receipt of the right-to-sue letter. Thus, his December 24, 2013 complaint was not filed in accordance with ADA's 90-day statute of limitations.

Complaint within ninety days of his receipt of the EEOC's right-to-sue letter. . . . Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement."), *cert. denied,* 537 U.S. 953, 123 S.Ct. 422, 154 L.Ed.2d 302 (2002), *with O'Donnell, supra,* at *2 ("Under the Americans with Disabilities Act [] and Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC. . . . When plaintiff fails to do so, dismissal is appropriate, unless []he shows that the delay was through no fault of [his] own."). Accordingly, Raymond & Associates, LLC's motion to dismiss (Doc. 6) should be granted.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the defendant's motion to dismiss plaintiff's complaint (Doc. 6; *see also* Doc. 7) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 13th day of March, 2014.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**