# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 13-0634-CG ) |
| RAYMOND & ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the Report and Recommendation of the Magistrate Judge (Doc. 18), Plaintiff Thomas Williams' ("Williams") objection (Doc. 19), and Defendant Raymond & Associates, LLC's ("Raymond & Associates") response thereto (Doc. 23). Also before the court are the motions to amend the complaint filed by Williams (Docs. 20 & 21) and Raymond & Associates' response in opposition (Doc. 22).

The Magistrate Judge recommended that Raymond & Associates' motion to dismiss (Doc. 6) be granted. Specifically, the Magistrate Judge determined that dismissal was appropriate because Williams failed to file his complaint within 90 days of receiving a right-to-sue letter from the EEOC as required by the Americans with Disabilities Act ("ADA"). See 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a).

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of

the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.

## DISCUSSION

Williams "stipulates that any Title VII claims would be subject to the ninety-day filing period, but maintains that his ADA claims may be filed within two-years." See Doc. 19 at 2. To support his argument, Williams relies on the case of Everett v. Cobb, 138 F.3d 1407 (11th Cir. 1998). In Everett, the plaintiff brought claims of disability discrimination pursuant to the Rehabilitation Act, Title II of the ADA and state law against several public entities. Id. at 1408. The court held that because Title II of the ADA does not contain a limitations period, the analogous state personal injury statute should apply. Everett, 138 F.3d at 1409.

Unlike in Everett, however, Williams did not file a disability-discrimination claim pursuant to Title II of the ADA against a public entity.[1] Rather, Williams filed a claim for disability discrimination under Title I of the ADA against his employer. The Magistrate Judge set forth the law regarding the timeliness of filing a claim pursuant to Title I in his report and recommendation as follows:

---

[1] Title II of the ADA provides protection against discrimination by "public entities." See 42 U.S.C. § 12131 et seq. "Public entity" is defined to include "(A) any State or local government; [and] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . ." 42 U.S.C. § 12131(1)(A) & (B). There is no evidence Raymond & Associates, a limited liability company that specializes in ship building, falls within this definition.

2

Subchapter I of the ADA, the subchapter upon which the plaintiff's complaint is admittedly based (see Doc. 1, ¶ 15 ("Defendant terminated Plaintiff on the basis of his disability in violation of his rights pursuant to Title I of the ADA.")), "prohibits discrimination on account of disability in employment [and] . . . provides the same remedies contained in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b)." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (citing 42 U.S.C. §§ 12111-12117). This means that, "[t]he ADA specifically incorporates the procedural provisions of Title VII . . . and[, t]herefore an aggrieved party must file a civil action in federal court no later than **90 days** after receiving a right to sue letter." Strickland v. Wayne Farms-Southland Hatchery, 132 F.Supp.2d 1331, 1332 (M.D. Ala. 2001), citing 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a).[2]

(Doc. 18 at 5).

Here, Williams did not file within the 90-day limitations period set forth in Title VII and the ADA. See Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007) ("Under Title VII, a plaintiff must file [his] complaint in district court within 90 days of [his] receipt of a right-to-sue letter from the EEOC . . . The ADA provides the same statute of limitations, as it expressly incorporates the enforcement mechanisms contained in Title VII[.]"). It is undisputed that the EEOC mailed the right-to-sue letter on December 31, 2012, (Doc. 7, Ex. 2) and Williams did not file his complaint until almost a year later on December 24, 2013 (Doc. 1). The right-to-sue letter specifically

---

[2] Section 12117 specifically provides that "[t]he powers, remedies and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment." 42 U.S.C. § 12117(a). In turn, 42 U.S.C. § 2000e-5(f)(1) provides, in relevant measure, that "[i]f a charge filed with the Commission . . . is dismissed by the Commission, . . . the Commission, . . . shall so notify the person aggrieved and within *ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge[ ] by the person claiming to be aggrieved[.]" Id. (emphasis supplied).

3

informed Williams that "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**[,] or your right to sue based on this charge will be lost." <u>See</u> Doc. 7, Ex. 2. Williams has not offered any evidence that demonstrates he is not to blame for the untimely filing of the suit. Accordingly, the court finds that dismissal of Williams' disability-discrimination claim is appropriate. <u>O'Donnell v. Punta Gorda HMA, LLC</u>, 2011 WL 3168144, *2 (M.D. Fla. Jul. 27, 2011) ("Under the Americans with Disabilities Act [ ] and Title VII, a plaintiff must bring a suit within 90 days of receiving a right-to-sue letter from the EEOC . . . When the plaintiff fails to do so, dismissal is appropriate, unless [ ] he shows that the delay was through no fault of [his] own.").

It appears that Williams filed his motion to amend the complaint in an attempt to circumvent this result. Williams seeks to amend his complaint to assert claims against the "Defendant pursuant to the civil rights statute 42 U.S.C. § 1981, which does not contain the same Title VII requirements as the original claims alleged by the Plaintiff."[3] <u>See</u> Doc. 21-1 at 1. Raymond & Associates argue that granting Williams' leave to amend will result in

---

[3] The court construes Williams' amendment as asserting claims under 42 U.S.C. § 1981a. As Raymond & Associates pointed out, it appears that Williams confused two similarly named statues. <u>See</u> <u>King v. Fulton County Ga.</u>, 2009 WL 1322341, *1 (N.D. Ga. 2009) (citing <u>Olmstead v. Taco Bell Corp.</u>, 141 F.3d 1457, 1462 (11th Cir. 1998) (acknowledging the potential confusion for plaintiffs in differentiating between 42 U.S.C. 1981 and 42 U.S.C. § 1981a)). "42 U.S.C. § 1981 is a post-Civil War race discrimination statute that is separate and independent from Title VII." <u>Id.</u> (footnotes omitted). "In contrast, 42 U.S.C. § 1981a was part of the Civil Rights Act of 1991 and amends Title VII." <u>Id.</u> Since Williams states that the amendment "arises out of the same facts, circumstances and allegations" asserted in his claim for disability discrimination in violation of the ADA, it is logical to conclude that he intended to bring his proposed amended claim pursuant to § 1981a, not the race-discrimination statute of § 1981.

4

prejudice, undue delay, and further burden on the judicial system because the amended claim is meritless. The court agrees. Section 1981a does not provide discrimination plaintiffs with a separate cause of action. King, 2009 WL 1322341, *2. It merely "authorizes the recovery of compensatory and punitive damages to remedy intentional employment discrimination" in addition to the "equitable relief provided under Title VII." Id. Because Williams' claim asserted pursuant to Title I of the ADA is dismissed, the allegations contained in the amended complaint will also be dismissed, as § 1981a does not provide an independent cause of action for claims of disability discrimination. Thus, the court finds that Williams' motion to amend the complaint is due to be denied.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's report and recommendation (Doc. 18) is **ADOPTED.** It is **ORDERED** that Raymond & Associates' motion to dismiss (Doc. 6) is **GRANTED.** Williams' motions to amend the complaint are **DENIED** (Docs. 20 & 21).

**DONE and ORDERED** this 29th day of May, 2014 .

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE